GRIFFITHS & SPRAGUE STEVEDORING CO. v. MARSHALL, Deputy Com'r, et al.

No. 758.

District Court, W. D. Washington, N. D.
Oct. 13, 1930.

Stephen V. Carey, of Seattle, Wash., for plaintiff.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash., for defendant Marshall.

J. W. Hoar and H. Sylvester Garvin, both of Seattle, Wash., for defendants Patton, Hoar, and Garvin.

John Ambler, of Seattle, Wash., for Waterfront Employers of Seattle, who were allowed to intervene as amicus curiæ.

RUDKIN, Circuit Judge.

This is a proceeding to review an order of a deputy commissioner allowing compensation for the death of an employee, under the Longshoremen's and Harbor Workers' Compensation Act, 33 USCA § 901 et seq. Section 903 (b) of the act provides that no compensation shall be payable if the injury was occasioned solely by the intoxication of the employee, or by the willful intention of the employee to injure or kill himself or another. The deputy commissioner found that the employee was intoxicated at the time of receiving the injury resulting in his death, but that such injury was not occasioned solely by his intoxication. The sufficiency of the testimony to warrant the finding that intoxication was not the sole cause of the injury is the only question presented for consideration here.

Without going into unnecessary detail, there was testimony tending to show that immediately prior to the time of receiving the injury resulting in the death of the employee in question he and another employee were engaged in handling matting on some boxes of merchandise in the wing of the ship, while other employees were engaged in placing the iron beams over the hatch on the same deck; that, while putting the second beam in place, there was a call for help and the deceased responded thereto; that as he approached the hatch he reached for the beam and as he did so the beam suddenly dropped a foot or two because of a defective winch, and that the deceased was precipitated into the hold of the

ship. There was testimony, of course, which would warrant other and different findings, but the finding that the intoxication such as may have existed was not the sole cause of the injury is supported by the testimony. If because of a defect in the winch the beam dropped a foot or more, suddenly and unexpectedly, such an accident might well befall one in full possession of all his faculties.

The petition is therefore denied.